[Crim. No. 4853. Second Dist., Div. Three. Dec. 18, 1952.]

THE PEOPLE, Respondent, v. DONALD E. BONFIGLIO et al., Defendants; CHARLES R. MEDLEY, Appellant.

William W. Larsen for Appellant.

Edmund G. Brown, Attorney General, and Michael J. Clemens, Deputy Attorney General, for Respondent.

SHINN, P. J.—By information Charles R. Medley and Donald E. Bonfiglio were charged with possession of marihuana in violation of Health and Safety Code, section 11500. After trial to the court, the cause being submitted on the transcript of the preliminary hearing, and neither defendant testifying, defendant was found guilty as charged while defendant Bonfiglio was found not guilty. Defendant was denied probation and sentenced to 90 days in jail.

When arrested Bonfiglio and Medley were riding together in the former's automobile. Officer Barber testified that the police car in which he was riding stopped behind the defendants. Officer Benavidez, who was driving the police car, and Barber got out of the police car on their respective sides and approached the defendants. Barber approached Medley and Benavidez approached Bonfiglio. Barber further testified that two marihuana cigarettes were found in the possession of Medley.

Defendant contends that the evidence was insufficient to connect him with the crime. Barber testified: "The defendant Bonfiglio was the driver, and Medley was the passenger. . . . I got out on the passenger's side, and we quickly approached the car; and I took Medley from the driver's side of the car, and my partner Benavidez took Bonfiglio from the other side. I searched Medley, and I found a brown wrapped paper cigarette in his right hand and upon further searching him I found another one in his left shirt pocket." This witness also testified that he talked with defendants after their arrest and that Medley said they had bought the cigarettes in the Rose Hill area but that he did not remember just where or from whom they had bought them. These were proved to contain marihuana. Defendant argues that Officer Barber did not identify either Medley or Bonfiglio in the courtroom and that his testimony must mean

he took the cigarettes from the man he removed from the driver's side, Bonfiglio, and thus there was no evidence to sustain the conviction. There was an obvious inconsistency in Barber's testimony that Medley was the passenger, but that he took him from the "driver's side," searched him and found the cigarettes. The witness was not cross-examined and the apparent contradiction was not explained. The point was not called to the attention of the trial court by objection, argument or mention at the time of sentence. It is undisputed that the automobile belonged to Bonfiglio and he was driving. Officer Barber testified Medley was on the passenger side of Bonfiglio's car and he was on the passenger side of the police car; that he got out of the police car and walked forward to the other car, took Medley from the car and searched him, finding two marihuana cigarettes. At most there was conflicting evidence, consisting of the apparent contradiction in the testimony of Officer Barber. We cannot resolve the conflict but must accept the testimony which tends to support the judgment. This was sufficient to identify Medley as the one who had possession of the cigarettes. The evidence was sufficient to sustain the conviction.

Defendant makes one other point. The court was of the opinion that section 11715.6 of the Health and Safety Code precluded probation for a violation of section 11500. The former section reads: "In no case shall any person convicted of violating Sections 11712, 11713, 11714, 11715, or of committing any offense referred to in those sections be granted probation by the trial court, nor shall the execution of the sentence imposed upon such person be suspended by the court." Section 11712 reads in part: "Any person convicted under this division for having in possession any narcotic, or of violating the provisions of Sections 11530 or 11557 shall be punished by imprisonment in the county jail for not less than 90 days nor more than one year, or in the State prison for not more than six years." The court correctly held that since the crime of possession is specifically mentioned in this section probation is forbidden by section 11715.6.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.