[Crim. No. 1749.   Fourth Dist.   Jan. 10, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. GABRIEL E.
ESTRADA, Defendant and Appellant.

Dale C. Miller, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—The defendant was charged with the offense of selling marijuana, i.e., a violation of section 11531 of the Health and Safety Code, and with a prior conviction of the offense of possession of a narcotic, i.e., a violation of section 11500 of the Health and Safety Code, for which he served a term in the state prison; denied the selling charge but admitted the prior conviction; was tried by the court without a jury; was found guilty; moved for a new trial, which was denied; was sentenced to imprisonment in the state prison for the term prescribed by law but the execution thereof was stayed and he was granted probation upon condition, among others, that he be imprisoned in the county jail for three months. Shortly thereafter, upon motion of the district attorney, the court vacated that portion of the judgment granting the defendant probation, upon the ground that its order granting such was void, and again sentenced him to imprisonment in the state prison. The defendant appealed from the judgment contending: (1) That the evidence establishes his defense of entrapment and of immunity from prosecution as a matter of law; and (2) that the order granting him probation was not void, and the order vacating the same was error.

## ALLEGED INSUFFICIENCY OF THE EVIDENCE

At oral argument in this matter it was suggested that the defendant's attack upon his conviction might not properly be considered on the appeal before us. However, our decision in the premises renders a decision upon this objection unnecessary.

Under the governing rule on appeal, that version of the evidence which supports the judgment is accepted, whereas

that to the contrary is rejected. (*People* v. *Daugherty*, 40 Cal.2d 876, 885 [256 P.2d 911].) The evidence at hand will be stated accordingly.

In January 1962 the defendant was contacted on two occasions by a police officer named Wall; was asked by the officer if he could get some marijuana; replied that he had none, and could not get any at that time; on the first occasion said that he would try and see if he could get some; and on the second occasion said that he "called up one guy and there wasn't any in town." The defendant knew that Wall was a police officer, and had known him prior to the time he became such.

On February 4th, the officer asked the defendant if he could get "a couple of sticks" and "he denied any knowledge at this time of it," whereupon the officer drove away saying "give me a call." The next day the defendant called the officer; asked him to come to the service station where the defendant was working; and, at the latter place, told the officer that he would find "a little bindle," which was a small package of marijuana. Nothing was paid on this occasion.

On February 23rd, the officer returned to the service station and asked the defendant to give him "a repeat on the last deal"; was asked for money; gave the defendant $10 of which $5.00 was paid back; was told that he would be called from a "pay phone booth" by the defendant and told where to "pick up the stuff"; was called at his home and was told to come to the service station; saw the defendant at the station, who told him that he would find a package in a concrete block; followed these directions and obtained the package, which contained marijuana. Prior to the last incident, the defendant told the officer that he did not want to get into trouble, and for this reason wanted to deliver the "stuff" in a certain way. The officer agreed to any method of delivery suggested by him.

On March 6th, the officer called the defendant at the latter's residence; went to the residence; saw the defendant and asked him "if he could make a buy of Marijuana, or if he could get some" for him. Thereupon the defendant asked for some money; was given $20; took the officer's car, leaving the latter at a restaurant, "while he went for the stuff"; went out to the desert where he "had the stuff hid"; thereafter placed it under a beer can near a roadway intersection; returned to the restaurant; gave the officer $15; with the

officer drove to the roadway intersection in question; and indicated "a spot near a sign post" where the officer would find the package; and both of them returned to the defendant's residence "where he talked about buying a pound of this stuff, and indicated that whoever he got it from wanted him to go into partners on a pound at about eighty dollars." Thereafter the officer returned to the intersection in question alone, and picked up the package, which was located under a beer can and contained marijuana. The charge against the defendant involved the last sale.

Information respecting the foregoing matters had been furnished an agent with the State Bureau of Narcotic Enforcement who, on two occasions, unsuccessfully attempted to make a tape recording of the conversations between the officer and the defendant.

At his preliminary hearing the defendant testified that the going price for a marijuana cigarette was $1.00. Apparently his charge therefor was made on this basis.

The defense of entrapment does not exist where a defendant had a preexisting intent to commit the offense with which he is charged although its commission followed solicitation by an officer (*People* v. *Benford,* 53 Cal.2d 1, 10 [345 P.2d 928]), and is not established as a matter of law "where there is any substantial evidence in the record from which it may be inferred that the criminal intent to commit the particular offense originated in the mind of the accused." (*People* v. *Terry,* 44 Cal.2d 371, 372-373 [282 P.2d 19].)

"The California courts say that 'It is not the entrapment of a criminal upon which the law frowns, but the seduction of innocent people into a criminal career by its officers . . .' [citations]." (*People* v. *Benford, supra,* 53 Cal.2d 1, 10-11.)

Applying the foregoing rules to the record at hand, we conclude that the evidence adequately supports the implied finding of the trial court that the criminal intent incident to the subject offense originated in the mind of the defendant, and that his defense of entrapment was not established as a matter of law. The preexistence of a criminal intent to sell marijuana reasonably may be inferred from the defendant's knowledge of the sources of supply; his declared intention to buy a pound of marijuana from one of these sources; his concept of a method of delivery which would protect him from getting into trouble; his lack of any expressed reluctance to effect a sale; his knowledge of the going price of a marijuana

cigarette; and his possession of and hiding a quantity of marijuana in the desert before the officer solicited the purchase which led to his arrest. Particularly pertinent to the inquiry at hand is the fact that the evidence supports a finding that the officer did not persuade, play upon the sympathies of, threaten, or attempt to coerce the defendant in soliciting the subject sale.

The defendant places great reliance upon the fact that Wall was a police officer, and upon his testimony that he made the subject sale upon assurance by Wall that nothing would happen to him on account thereof. The alleged promise of immunity was denied by Wall. In support of the judgment we must assume that the trial court accepted the latter testimony and rejected the former. The fact that the defendant knew he was dealing with an officer was a proper subject for consideration by the trial court in weighing the evidence and the inferences to be drawn therefrom, but did not foreclose the conclusion that the criminal intent incident to the subject offense originated in the mind of the defendant.

The defendant also contends that the evidence does not show reasonable cause for believing that he was engaged in criminal activities at the time of the solicitation which culminated in the offense with which he was charged; that, without such a showing, under the evidence in the instant case and the rule applied in the federal courts, his defense of entrapment is not overcome (see *Sherman* v. *United States*, 356 U.S. 369, 375 [78 S.Ct. 819, 822, 2 L.Ed.2d 848]); and that the refusal of the California Supreme Court, by its decision in *People* v. *Benford, supra,* 53 Cal.2d 1, to follow the federal rule deprives him of due process of law. The defendant's concept of the federal and California rules is not entirely accurate. ▮ The federal rule which was rejected by our Supreme Court in the cited case, *viz., People* v. *Benford, supra,* 53 Cal.2d 1, 11, permits an inquiry into the defendant's conviction or reputation respecting previously committed similar offenses. The California rule does not permit such an inquiry. (*People* v. *Benford, supra,* 53 Cal.2d 1, 11.) The refusal to permit such an inquiry is advantageous to the defendant, and does not deprive him of due process of law even though it removes the significance attached to the lack of a showing, permitted by the federal rule, that the defendant was predisposed to commit the crime which ultimately he did commit. (*People* v. *Benford, supra,* 53 Cal.2d 1, 12.) ▮ The issue for determination in the case at bar is not whether the prosecution has overcome

the defense of entrapment, but "whether the prosecution evidence as a matter of law shows entrapment." (*People* v. *Benford, supra,* 53 Cal.2d 1, 12.)

█ The defendant also contends that the evidence establishes his immunity from prosecution for the offense with which he is charged, as a matter of law, under the provisions of section 11710 of the Health and Safety Code, which confers such immunity upon "duly authorized peace officers, while investigating violations" of narcotic offenses "in performance of their official duties, and any person working under their immediate direction, supervision, or instruction." The evidence satisfactorily establishes that the defendant was not promised protection by officer Wall, or advised that his services were solicited in support of a narcotics offense investigation. The officer testified that in response to defendant's inquiry as to why he, the officer, wanted marijuana, the latter replied that he "wanted no questions asked." The defendant testified that on one occasion the officer told him that he wanted the marijuana for a girl he had "lined up" who had asked him for some marijuana. Of particular significance is the fact that the defendant devised and adopted precautionary methods of delivery so that he would not get into trouble. Such conduct belies any understanding or belief that he was participating in a narcotics offense investigation with a duly authorized peace officer. The implied finding by the trial court that the defendant was not working under the direction and supervision of officer Wall in the course of a narcotics investigation, and did not believe that he was so engaged, is fully supported by the evidence. Under these circumstances, the provisions of section 11710 of the Health and Safety Code did not apply.

## PROBATION ORDER

█ In the instant case the defendant was convicted of selling marijuana, i.e., a violation of section 11531 of the Health and Safety Code; previously had been convicted of possessing a narcotic, i.e., a violation of section 11500 of the Health and Safety Code; and, under these circumstances, was not entitled to probation, as the granting of such is prohibited by section 11715.6 of the Health and Safety Code. (*People* v. *Bonfiglio,* 114 Cal.App.2d 787, 789 [251 P.2d 336].) █ The trial court mistakenly granted the defendant probation; had no jurisdiction to do so (*People* v. *Black,* 55 Cal.2d 275, 277 [10 Cal.Rptr. 459, 358 P.2d 915]; *Burtnett* v. *King,* 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333]); and its order in

the premises was void on its face. (*People* v. *McGillis* 166 Cal. App.2d 91, 93-94 [332 P.2d 706].) Thereafter, it set aside this order, which was proper. (*Olivera* v. *Grace*, 19 Cal.2d 570, 574 [122 P.2d 564, 140 A.L.R. 1328] ; *People* v. *Blalock*, 170 Cal. App.2d 307, 309 [338 P.2d 578] ; *People* v. *McGillis*, *supra*, 166 Cal.App.2d 91, 93-94; *People* v. *Flohr*, 30 Cal.App.2d 576, 579 [86 P.2d 862].) The defendant's contention to the contrary is without merit.

The judgment is affirmed.

Griffin, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 6, 1963.