[Crim. Nos. 8157, 8158. Second Dist., Div. Two. Jan. 28, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. IRENE ARDEL BRADFORD, Defendant and Appellant.

(Two Cases)

Harry Weiss and Burton Marks for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Louis L. Selby, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—By an information filed on May 15, 1961, it was charged that appellant was in possession of heroin on April 5, 1961, in violation of section 11500, Health and Safety Code. No prior conviction was charged in this information. At appellant's request the matter was continued from time to time until October 10, 1961. On this date the cause was duly submitted on the transcript of the preliminary hearing and appellant was found guilty. The cause was continued to November 15, 1961, for appropriate disposition.

On September 25, 1961, during the pendency of the cause above mentioned, a second information was filed charging appellant with a further violation of said section 11500 allegedly committed on August 2, 1961. The latter information alleged that on May 5, 1959, appellant had been convicted of a violation of said statute which violation had been classified as a misdemeanor. On November 10, 1961, appellant entered a plea of guilty to this charge, and the court found the allegation of the prior conviction to be true. The latter cause was thereupon continued to November 15, 1961, for disposition in conjunction with the other pending cause. It was stipulated that a probation report which had been filed in the first cause might be considered in both.

On November 15, 1961, the date set for probation hearing and sentencing in both matters, appellant requested the court to institute proceedings under section 6451 of the Penal Code as recommended in the probation officer's report. This section provides in applicable part as follows:

"Upon conviction of a defendant for any crime in any superior court, if the judge ascertains that the defendant is addicted or by reason of repeated use of narcotics is in imminent danger of becoming addicted to narcotics he shall adjourn the proceedings or suspend the imposition of the sentence and direct the sheriff to file a petition to ascertain if such person is addicted to narcotics or in imminent danger thereof unless in the opinion of the judge the defendant's record and probation report indicate such a pattern of criminality that he does not constitute a fit subject for commitment under this section . . ."

In response to appellant's said request, the trial court stated that appellant did not qualify under this section for

the reason that in the second cause a prior conviction had been charged and found to be true. Appellant's counsel thereupon urged that a referral of the matter be made pursuant to section 6451 at least in reference to the first cause in which no prior conviction was alleged. The court replied, ''On that one, I could, but it would be a useless gesture.'' Counsel then stated his belief that if appellant were referred in the first cause, she probably would be accepted and given the indicated treatment regardless of any question concerning her eligibility in the second case. The court rejected counsel's suggestion, denied probation and sentenced appellant to state prison.

The Attorney General properly concedes that the trial court's refusal to proceed under section 6451 was not due to the fact that the court (1) had ascertained that appellant was not addicted or not in imminent danger of becoming addicted, or (2) was of the opinion that appellant's record and probation report indicated such a pattern of criminality that she did not constitute a fit subject for commitment under that section. Rather, respondent agrees that the court mistakenly regarded appellant as ineligible under the provisions of section 6452, Penal Code, which provides in pertinent part: ''Sections . . . 6451 shall not apply to persons convicted of, or who have been previously convicted of . . . any offense set forth in Article 1 (commencing with Section 11500) . . . of Chapter 5 of Division 10 of the Health and Safety Code . . . for which the *minimum term* prescribed by law *is more than* five years . . . .'' (Emphasis added.)

We need not now decide whether the ''minimum term'' referred to in section 6452 of the Penal Code has reference to the punishments provided for in section 11500 as of the time the offense or prior offense was committed, or as of the time when section 6452 became effective, for, in either event, the punishment provided for under the facts of the instant case would not be for ''more than five years''. We therefore adopt the recommendations of both appellant and respondent that both causes be remanded in order that the trial court may have the opportunity to exercise its discretion under the provisions of section 6451 of the Penal Code.

The judgment of conviction in each case is reversed. The causes are hereby remanded to the court below for further proceedings in conformity with this decision.

Fox, P. J., concurred.