[Crim. No. 10271.    In Bank.    Dec. 29, 1966.]

In re PATRICK FERMIN SANCHEZ on Habeas Corpus.

Patrick Fermin Sanchez, in pro. per., and Robert N. Beechinor, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, and Robert R. Granucci, Deputy Attorney General, for Respondent.

BURKE, J. — Defendant petitions for a writ of habeas corpus. He pleaded guilty to a charge of violation of section 11501 of the Health and Safety Code (sale of narcotics). A second like count and a count for supplying marijuana were dismissed. He was also charged with a prior narcotics violation, which he denied. He waived a jury trial on such issue. The trial court received in evidence the file regarding the prior conviction (May 27, 1959) and found the charge to be true.

At the time of the prior conviction defendant was 19 years old and the file showed his commitment to the Youth Authority. When convicted on the instant charge of selling narcotics (January 31, 1962) he was 22 years old. The trial judge stated that he was required by the provisions of section

11715.6 of the Health and Safety Code[1] to deny probation to one previously convicted of a narcotics "felony." Defendant was therefore sentenced to state prison for the term prescribed by law.[2]

The prior conviction forms the basis of the present petition for a writ of habeas corpus, it being defendant's contention that the crime involved should have been deemed a misdemeanor, as a matter of law, pursuant to the provisions of Penal Code section 17.

The prior commitment of defendant to the Youth Authority, dated May 27, 1959, recites that petitioner was found guilty of "(Possession), a felony." However, the statute applicable to the 1959 offense did not designate the crime a felony or a misdemeanor, but prescribed punishment by imprisonment in the county jail or state prison. (Former Health & Saf. Code, § 11712, as amended, Stats. 1953, ch. 1770, § 6.) In such situations the classification of the offense as a felony or misdemeanor has been held to depend upon the punishment imposed. (*Doble* v. *Superior Court* (1925) 197 Cal. 556, 577 [241 P. 852].)

The basic provision of Penal Code section 17 at all times here concerned has been: "When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes *after* a judgment imposing a punishment other than imprisonment in the state prison." (Italics added.)

In this case no sentence has ever been imposed upon defendant for his prior offense. The court committed him to the Youth Authority. Consequently, the Attorney General contends that the crime may not be "deemed a misdemeanor," under the above language of Penal Code section 17 since no "judgment imposing a punishment other than imprisonment in the state prison" has been entered.

---

[1]Section 11715.6 provides in part as follows:

"In no case shall any person convicted of violating Sections 11500, 11500.5, 11501, 11502, 11503, 11530, 11530.5, 11531, 11532, 11540, 11557, or 11715, or of committing any offense referred to in those sections, be granted probation by the trial court, nor shall the execution of the sentence imposed upon such person be suspended by the court, if such person has been previously convicted of any felony offense described in this division, or has been previously convicted of any offense under the laws of any other state or of the United States which if committed in this State would have been punishable as a felony offense described in this division except Section 11721."

[2]Ten years to life with a minimum period of 10 years for eligibility for parole. (Health & Saf. Code, § 11501.)

Defendant contends that his commitment to the Youth Authority was a "judgment imposing a punishment other than imprisonment in the state prison" and, therefore, his offense should not have been considered a prior felony for which, under the narcotic laws, he faces a greatly augmented penalty upon his second conviction.

On September 27, 1961, when defendant committed the violation of section 11501 of the Health and Safety Code (sale of narcotics) certain amendments to sections of the Health and Safety Code had just taken effect (September 15, 1961) which are dispositive of the issues presented by this appeal. Section 11501 had been amended (Stats. 1961, ch. 274, p. 1303, § 3) to augment punishment, *inter alia,* and as amended included the following provision: "If such a person has been previously convicted *once* of any *felony* offense described in this division [pertaining to narcotics] . . . , the previous conviction shall be charged in the indictment or information and if found to be true by the jury, . . . or . . . by the court, . . . or is admitted by the defendant, he shall be imprisoned in a state prison from 10 years to life, and shall not be eligible for release upon completion of sentence, or on parole, or on any other basis until he has served not less than 10 years in prison." (Italics added.)

The 1961 amendments also included the addition of a new section, section 11504 of the Health and Safety Code (Stats. 1961, ch. 274, p. 1304, § 5) which cast further light on what the Legislature meant by the term "felony offense": "As used in this article 'felony offense,' and offense 'punishable as a felony' refer to an offense for which the law prescribes imprisonment in the state prison as either an alternative or the sole penalty, regardless of the sentence the particular defendant received."

Section 11504 was applied in *People* v. *Wallace,* 59 Cal.2d 548, 550 [30 Cal.Rptr. 449, 381 P.2d 185], the pertinent language being: "Under this definition [§ 11504], the prior misdemeanor sentence, imposed for a violation of section 11500 of the Health and Safety Code, was a 'felony conviction,' as that term is defined in section 11504. . . ."

In *Wallace* the prior "felony conviction" was used as the basis of mandatory denial of probation required by section 11500 of the Health and Safety Code.

Similarly, in giving effect to these sections in the instant case the trial judge had no alternative but to commit defend-

ant to the state prison for the prescribed term. (*People* v. *Garcia,* 227 Cal.App.2d 345, 352 [38 Cal.Rptr. 670].)

The order to show cause is discharged, and the writ of habeas corpus is denied.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Peek, J.,* concurred.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.