ELKINGTON, J.
 

 The People appeal from an order granting probation and suspending imposition of sentence after a guilty plea, on a charge of possession of marijuana, a felony. (Health & Saf. Code, § 11530.) Defendant was charged with, and admitted, a previous conviction of an identical offense. It is contended that the trial court had jurisdiction only to sentence defendant to the state prison.
 

 Health and Safety Code section 11715.6 provides: “In no case shall any person convicted of violating Sections . . . 11530 ... be granted probation ... if such person has been previously convicted of any felony offense described in this division. . . . ”
 

 Under the circumstances here the court had no legal alternative but to commit defendant to state prison. (See
 
 In re Sanchez,
 
 65 Cal.2d 556 [55 Cal.Rptr. 422, 421 P.2d 430] ;
 
 People
 
 v.
 
 Wallace,
 
 59 Cal.2d 548, 549-550 [30 Cal.Rptr. 449, 381 P.2d 185];
 
 People
 
 v.
 
 Pineda,
 
 238 Cal.App.2d 466, 473 [47 Cal.Rptr. 879].)
 

 Defendant first urges that the People have no right of appeal from the order here at issue.
 

 Penal Code section 1238, subdivision 6, allows an appeal by the People from “an order modifying the verdict or finding by reducing . . . the punishment imposed.’’ It has been held that an order granting probation, when such probation is prohibited, is appealable.
 
 People
 
 v.
 
 Orrante,
 
 201 Cal.App.2d 553, 558 [20 Cal.Rptr. 480], states: “. . . where the trial court suspends the imposition of sentence and grants probation, when it has no jurisdiction to malee such orders, ‘the purpose and ultimate effect of the
 
 *828
 
 court’s order,’ ... is to reduce the punishment and the order is appealable under subdivision 6 of section 1238.” (See also
 
 People
 
 v.
 
 Burke,
 
 47 Cal.2d 45, 53-54 [301 P.2d 241].) Under this authority we hold that the appeal here was properly taken.
 

 Defendant next contends that the People cannot complain of the improper probation order. The contention is based on what is described as a complete waiver and consent of the People by virtue of the silence of the district attorney at the time of the order granting probation.
 

 After the filing of briefs on this appeal, on motion of the Attorney General we allowed augmentation of the record to include the proceedings taken at the time of the order granting probation. At the oral'argument it appeared that defendant had filed written opposition to the Attorney General’s motion, which opposition inadvertently was not considered by this court. Defendant thereupon moved to strike the order allowing augmentation and the transcript of the oral proceedings taken at the time of the order granting probation. The motion was taken under submission by this court. We have considered defendant’s written opposition to the Attorney General’s motion to augment, and his motion to strike. We have concluded that the motion to strike should be denied.
 

 The augmented record indicates that the district attorney was not silent at the time of the order granting probation. Instead he then insisted that the court had no jurisdiction to grant probation because of “the circumstance of the prior. ’ ’
 

 Defendant is not prejudiced by the augmented record. If it were not before us we would have no record of the proceedings in question and therefore could not take notice of defendant’s insistence that the district attorney remained silent. (See
 
 People
 
 v.
 
 Sorrentino,
 
 146 Cal.App.2d 149, 157 [303 P.2d 859].) And in any event the trial court having no jurisdiction to grant probation
 
 (People
 
 v.
 
 Orrante, supra,
 
 201 Cal.App.2d 553, 556), there could be neither consent to such jurisdiction nor waiver.
 
 (People
 
 v.
 
 Blakeman,
 
 170 Cal.App.2d 596, 598-599 [339 P.2d 202].)
 

 Defendant was ordered to serve a term of six months in the county jail as a condition of the probation erroneously granted him. It appears that this term has now been served. Under Penal Code section 2900.1 he is entitled to credit for such time. (See
 
 In re Roberts,
 
 40 Cal.2d 745, 748-749 [255
 
 *829
 
 P.2d 782];
 
 In re
 
 Levi, 39 Cal.2d 41, 47 [244 P.2d 4031;
 
 In re James,
 
 38 Cal.2d 302, 314 [240 P.2d 596].)
 

 Defendant-respondent’s motion to strike the order allowing augmentation of the record and the transcript of oral proceedings taken at the time of the order granting probation is denied. The order suspending imposition of sentence and granting probation is reversed. The cause is remanded for judgment and sentence as provided by Health and Safety Code sections 11530 and 11715.6. The superior court will determine the actual time served by defendant as a condition of the invalid grant of probation and certify the same in defendant’s commitment to the Department of Corrections. Defendant shall be credited with such time pursuant to Penal Code section 2900.1, which credit shall apply against the minimum two-year term provided by Health and Safety Code section 11530.
 

 Molinari, P. J., and Sims, J., concurred.