[Crim. No. 4805.   Third Dist.   Apr. 1, 1968.]

In re JAMES RONALD RICKS on Habeas Corpus.

James Ronald Ricks, in pro. per., for Petitioner.

Thomas C. Lynch, Attorney General, Edward A. Hinz, Jr., and Harold F. Bradford, Deputy Attorneys General, for Respondent.

REGAN, J.—  ■  Petitioner, lawfully confined in Folsom Prison pursuant to a judgment of conviction not here in issue,[1] attacks as improper the failure of the trial court to credit him with time served, by reason of an invalid commitment, as required by Penal Code, section 2900.1, which provides: "Where a defendant has served any portion of his sentence under commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be

---

[1] On September 4, 1957, in the Superior Court of Los Angeles County, No. 191886, petitioner was convicted on two counts of first degree robbery (Pen. Code, § 211) and sentenced to state prison as prescribed by law (". . . not less than five years."), the terms to be concurrent. Petitioner was paroled on September 17, 1960.

credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts."

On November 21, 1961, an information was filed in the Superior Court of Los Angeles County accusing petitioner of possession of heroin (Health & Saf. Code, § 11500) on October 12, 1961, and charging a prior misdemeanor conviction for violation of the same section. Petitioner was convicted of the crime charged and on January 17, 1962, sentenced to state prison for the term prescribed,[2] the sentence in this case (#250655) to be served concurrently with the sentence resulting from the 1957 proceedings (#191886). Petitioner began serving this sentence on January 30, 1962. He was released on parole June 7, 1965, and returned as a parole violator on November 23, 1966.

The 1962 conviction (#250655) was affirmed by the Court of Appeal for the Second Appellate District on October 13, 1965[3] (hg. den.). A petition for certiorari was granted by the United States Supreme Court and, on March 13, 1967, the judgment was vacated and the case remanded to the Court of Appeal for reconsideration in light of *Chapman* v. *California*, 386 U.S. 18 [17 L.Ed.2d 705]. The conviction was reversed by the Court of Appeal for the Second Appellate District on June 19, 1967.[4]

Petitioner was removed from Folsom Prison to the Los Angeles County Jail on August 30, 1967, for further proceedings in case number 250655. Petitioner subsequently entered a plea of guilty to the lesser charge of knowingly being present in a place where narcotics are being used (Health & Saf. Code, § 11556), and requested a probation hearing. Probation was denied on January 16, 1968, and petitioner sentenced to the Los Angeles County Jail for a term of six months, this term to be served concurrently with petitioner's prison sentence in case number 191886.

A petition for writ of habeas corpus, based on the operation of Penal Code, section 2900.1, was filed in the Los Angeles Superior Court on January 17, 1968, and was summarily denied on February 1, 1968. Petitioner was returned to Folsom Prison on January 25, 1968, where he is lawfully confined

---

[2]Not less than two nor more than ten years. (Health & Saf. Code, § 11500.)

[3]Crim. No. 8216, filed October 13, 1965. Opinion certified for nonpublication.

[4]Crim. No. 8216, filed June 19, 1967. Opinion certified for nonpublication.

pursuant to the judgment of September 4, 1957, in case number 191886.

Under Penal Code, section 2900.1 petitioner is entitled to have the time served pursuant to the judgment of January 17, 1962, in case number 250655, which judgment was declared invalid, credited toward the sentence imposed January 16, 1968, in the same numbered case, based upon the same criminal activities. (See *People* v. *Thatcher,* 255 Cal.App.2d 830, 832-833 [63 Cal.Rptr. 492]; *In re Masching,* 41 Cal.2d 530, 534 [261 P.2d 251]; *In re Roberts,* 40 Cal.2d 745, 748-749 [255 P.2d 782]; *In re Levi,* 39 Cal.2d 41, 47 [244 P.2d 403]; *In re James,* 38 Cal.2d 302, 314 [240 P.2d 596].) As previously stated, petitioner began serving his term in case number 250655 on January 30, 1962, and was released on parole June 7, 1965. He has served in excess of the six-month county jail term imposed in the retrial of case number 250655 on January 16, 1968, and must be credited with having completed said sentence.

Petitioner is not entitled to release from custody since he is held pursuant to the valid judgment in case number 191886.

The Los Angeles County Superior Court is directed to determine the actual time served by petitioner under commitment in case number 250655 (1962) and certify the same in petitioner's commitment to county jail in case number 250655 (1968). (*People* v. *Thatcher, supra,* 255 Cal.App.2d 830, 833.) Petitioner shall be credited with such time pursuant to Penal Code, section 2900.1. The superior court is also directed to certify to the Adult Authority that said county jail sentence has been satisfied. The Adult Authority shall correct its records accordingly. The order to show cause, having served its purpose, is discharged; the writ is denied.

Friedman, Acting P. J., and Bray, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.