Filed 3/14/24  Adams v. Easley CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| TYRONE L. ADAMS,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>CHARLES L. EASLEY et al.,<br><br>        Defendants and Respondents. | A165441<br><br>    (San Francisco City & County<br>    Super. Ct. No. CGC-11-512166) |

**MEMORANDUM OPINION**[1]

Plaintiff and appellant Tyrone L. Adams has filed a 187-page opening brief and a 220-page closing brief.  Both are largely incomprehensible and egregiously violate the California Rules of Court pertaining to civil appeals.

For example, his opening brief commences with a 55-page "Table of Contents," which consists of a litany of points, under separate Roman Numerals, each with a heading that commences with the statement the "Standard of Review is De Novo Review."  (Some capitalization & underscoring omitted.)  The text under these headings consists largely of multiple pages of string-cited cases.  Sporadically interspersed within these pages of string cites are assertions (usually a single sentence) that the trial

___

[1] This appeal is appropriately resolved by memorandum opinion in accordance with California Standards of Judicial Administration, section 8.1.

1

court erred in some regard. None of these assertions of error is supported by a citation to the record. At the end of a few (a very few) of these roman numbered points there are blocks of record citations. For example, the following block of record citations appears at the end of the first roman numbered point in his opening brief: "See, AA, Vol. 8, p. 2008– p. 2025; p. 2026– p. 2060; p. 2061–p. 2068; p. 2069– p. 2084; p. 2085– p. 2096; p. 2097– p. 2106; p. 2107– p. 2108; p. 2109– p. 2116; p. 2117– p. 2133; p. 2134– 2143; p. 2144– p. 2156; p. 2157– p. 2171; p. 2172– p. 2200; p. 2201– p. 2209; p. 2210– p. 2225; p. 2226– p. 2229; p. 2230– p. 2251; p. 2252–p. 2275; p. 2276– 2290; p. 2291– p. 2294; p. 2295– p. 2306; p. 2307– p. 2317; p. 2318– p. 2342; p. 2343– p. 2360." In other words, Adams provides what is effectively a single citation to the record, namely pages 2008 to 2360 of the appellant's appendix. He follows this same approach in the "Statement of Facts" in his opening brief, providing no record citations in support of any sentence therein and a block of record citations at the end of the section. (Some capitalization omitted.) This block of record citations is effectively three citations—one to pages 2361–2537 of volume 10 of the appendix, one to pages 1786–2948 of volume 8, and one to pages 2660–2948 of volume 11. Adams' closing brief is the same, no record citations within arguments, themselves, and at the end of a few sections of the brief, a block of record citations.

"Rule 8.204(a)(1)(C) of the California Rules of Court requires all appellate briefs to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.' It is well established that ' "[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]" ' [Citation.] This rule applies

to matters referenced at any point in the brief, not just in the statement of facts." (*Conservatorship of Kevin A.* (2015) 240 Cal.App.4th 1241, 1253; accord, *Shenouda v. Veterinary Medical Bd.* (2018) 27 Cal.App.5th 500, 514 [" ' "The appellate court is not required to search the record on its own seeking error." [Citation.] Thus, "[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived" ' " (quoting *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246)].)

Even if some sections of an appellate brief contain citations to the record, those sections "do not cure the failure to cite evidence in [other sections] of the brief. . . . To provide record citations for alleged facts at some points in a brief, but not at others, frustrates the purpose of that rule, and courts will decline to consider any factual assertion unsupported by record citation at the point where it is asserted." (*Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590, fn. 8, citing *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239, fn. 16.) Likewise, blocks of record citations are of no assistance to the court and do not comply with the applicable rules. (See *Nazari v. Ayrapetyan* (2009) 171 Cal.App.4th 690, 694, fn. 1 [a "single citation to a reporter's transcript with block page references, for example, 'RT Vol 6, 2480–2501,' frustrates [a] court's ability to evaluate which facts a party believes support his position" (italics omitted)].)

These rules apply equally to parties represented by counsel and parties, like Adams, who represent themselves on appeal. (See *Burkes v. Robertson* (2018) 26 Cal.App.5th 334, 344–345 ["The same burdens are imposed uniformly and equally on all appellants, and self-represented parties are ' "held to the same restrictive procedural rules as an attorney." ' "]; *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574 ["A self-represented party is to be

3

treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys."].)

Adams' failure to provide appropriate citations to the record makes it impossible for us to fully understand, much less assess, his arguments on appeal. We therefore must base our understanding of the appeal on the respondents' brief which does comply with the rules of court and supplies appropriate citations to the record.

According to respondents, the instant action follows a "nearly identical" civil action Adams filed against them in Sutter County Superior Court in which they obtained summary judgment in 2013, and which judgment was affirmed by the Third District Court of Appeal in 2015. Adams filed the Sutter County civil action after he was denied "victim" restitution in 2013 in a Sutter County criminal case that apparently was precipitated by complaints Adams made to authorities about shoddy construction of a residence he leased in 2009. The criminal case was resolved by way of a negotiated disposition that resulted in an infraction judgment. In short, the instant San Francisco Superior Court civil case is a second effort by Adams to obtain the restitutionary damages he claims he was wrongfully denied more than a decade ago in the Sutter County criminal case.

Besides urging us to dismiss Adams' appeal for failure to comply with the California Rules of Court, respondents make two points: (1) Adams has not appealed from any appealable order, and (2) the trial court properly denied his motion to vacate because the court did not err in sustaining their demurrer without leave to amend on the ground the judgment in the Sutter County civil case bars the instant civil case under the doctrine of res judicata.

We agree the state of Adams' briefing, alone, would warrant dismissal of his appeal. However, even in light of Adams' deficient briefing, it is readily apparent his appeal is also procedurally defective.

In his amended notice of appeal filed July 1, 2022, Adams identified the following as the rulings being challenged on appeal: (1) "Order Denying Tyrone Adams' Motion For Restitution And Damages" entered by the Sutter County Superior Court in Criminal Case No. CRM 10-2267 on November 22, 2013; (2) "Order After Hearing Sustaining Defendant's Charles L. Easley, Charleen Goodrich, Jack Bass, George Trefcer, Andrew Paulson, Pensco Trust Company, Pensco, Inc., Chris Radich, Cynthia Weaver, Kelly Rodriques, Tom Anderson, Homepointe Property Management, Robert Machado, Ann Ford (erroneously sued as Ann Fisher) and Eileen Stearman Demurrer Without Leave To Amend" entered by the San Francisco Superior Court in the instant case on August 25, 2020; and (3) A minute order stating in pertinent part that Adams' "Motion Requesting Relief From Judgment Sustaining Defendants' Demurrer . . . Is Denied," and "Motion Requesting Relief From Judgment Denying Victim Restitution Is Denied" entered by the San Francisco Superior Court in the instant case on April 12, 2022. (Some capitalization omitted.)

Putting aside other issues inherent in Adams' attempt to appeal from a November 2013 order issued in a Sutter County criminal case and an August 2020 order filed in the instant civil action sustaining respondents' demurrer without leave to amend, his appeal as to these orders is untimely. Adams filed his original notice of appeal on June 10, 2022—*far* beyond the outside 180-day deadline to appeal either ruling. (Cal. Rules of Court, rule 8.104(a)(1)(C).) This deadline is jurisdictional; once it expires, an appellate court loses power to consider the appeal. (*Reyes v. Kruger* (2020)

5

55 Cal.App.5th 58, 70 ["Jurisdictional time limits for appealable orders may not be extended by estoppel, consent, waiver, agreement or acquiescence."]; *Marshall v. Webster* (2020) 54 Cal.App.5th 275, 279 [time to appeal is jurisdictional].)

"If a notice of appeal is filed late, the reviewing court must dismiss the appeal." (Cal. Rules of Court, rule 8.104(b).) Thus, regardless of the state of Adams' briefing, we have no jurisdiction to consider his purported appeal from either the 2013 order denying his motion for victim restitution or the 2020 order sustaining respondents' demurrer without leave to amend.

Adams' appeal from the April 2022 minute order denying his *motion to vacate* the 2020 order sustaining the respondents' demurrer without leave to amend and the 2013 Sutter County order denying him restitution was, however, timely filed. (See Cal. Rules of Court, rule 8.104(a)(1) [60 days from notice of entry].) Nevertheless, it is beset with another difficulty.

An order denying a *statutory* motion to vacate will lie *if* the underlying ruling being challenged was a final judgment or an independently appealable order. An order denying a nonstatutory motion to vacate, in contrast, is never appealable absent some other basis of appealability. (See generally Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 2023) ¶ 2:174.)

However, we need not address whether the *order* sustaining respondents' demurrer was tantamount to a final judgment of dismissal and whether the *order* denying Adam's request for victim restitution was an independently appealable order. Even assuming a statutory motion to vacate would lie as to both orders, the only statutory motion that may be used to attack an assertedly "void" judgment or order—which Adams claims is the root problem with the 2013 order in the Sutter County criminal case denying

6

him victim restitution, the 2013 summary judgment in the Sutter County civil case, and the 2020 order sustaining respondents' demurrer in the instant civil case (i.e., that they are all "void" and of no legal effect)—is a motion made pursuant to Code of Civil Procedure section 473, subdivision (d). And, indeed, this was the code section referenced by the trial court in its minute order denying Adams' motion to vacate.[2]

However, there is a procedural bar to bringing a Code of Civil Procedure section 473, subdivision (d) motion to vacate more than six months after the rendition of the challenged final judgment or appealable order. After six months, a final judgment or appealable order can only be attacked if it is *void on its face*, which means the defect in the judgment or order must be evident *from the judgment roll*, itself. (See *Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1021 ["An order is considered void on its face only when the invalidity is apparent from an inspection of the judgment roll or court record. . . . If the invalidity can be shown only through consideration of extrinsic evidence, such as declarations or testimony, the order is not void on its face. Such an order must be challenged within the six-month time limit prescribed by [Code of Civil Procedure] section 473, subdivision (b), or by an independent action in equity."]; *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 496 ["Once six months have elapsed since the entry of a judgment, 'a trial court may grant a motion to set aside that judgment as void only if the judgment is void on its face' " (quoting *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1441)].)

---

[2] In his moving papers in the trial court, Adams also cited to Code of Civil Procedure section 663. As respondents point out, a party seeking relief under that section must file a notice of intent to vacate within 15 days after notice of entry of the challenged final judgment or independently appealable order, which Adams never filed.

7

Moreover, "voidness" in this context does not mean the trial court committed a legal error in the challenged ruling; rather, it means the court lacked fundamental adjudicatory authority to render the ruling. " ' "A judgment is void on its face if the court which rendered the judgment lacked personal or subject matter jurisdiction or exceeded its jurisdiction in granting relief which the court had no power to grant." ' " (*People v. Amaya* (2015) 239 Cal.App.4th 379, 386, quoting *Carr v. Kamins* (2007) 151 Cal.App.4th 929, 933; see *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660 ["When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and 'thus vulnerable to direct or collateral attack at any time' " (quoting *Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 119)].)

As we have discussed, Adams has not directed our attention to any pertinent parts of the record on appeal, let alone to the judgment rolls pertaining to the 2020 order in this case sustaining respondents' demurrer without leave to amend, the 2013 summary judgment in the Sutter County civil case, or the 2013 order in the Sutter County criminal case denying his claim for victim restitution. He has therefore failed to carry his burden on appeal to establish one of the threshold requirements of a motion to vacate an assertedly void final judgment or independently appealable order made more than six months after rendition of the challenged ruling, namely that the pertinent judgment roll demonstrates the judgment or order is void on its face.

"[T]he most fundamental rule of appellate law is that the judgment [or order] challenged on appeal is presumed to be correct," and "it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) Adams has not done so.

8

## DISPOSITION

To the extent Adams has purported to appeal from the August 2020 order in this case sustaining respondents' demurrer without leave to amend and the November 2013 order issued in the Sutter County criminal case denying his claim for victim restitution, his appeal is untimely and is therefore DISMISSED for lack of appellate jurisdiction. To the extent he has appealed from the trial court's April 2022 minute order denying his motion to vacate the August 2020 order and November 2013 order, the order is AFFIRMED. Respondents to recover costs on appeal.

 

 

 

_____

Banke, J.

We concur:

_____

Humes, P. J.

_____

Langhorne Wilson, J.

A165441, Adams v. Easley et al.