Filed 9/9/15 Unmodified opinion attached

**CERTIFIED FOR PARTIAL PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E060218 |
| v. | (Super.Ct.No. FSB059205) |
| ALBERT AMAYA, | ORDER MODIFYING OPINION |
|     Defendant and Appellant. | [CHANGE IN JUDGMENT] |

IT IS ORDERED that the opinion filed in this matter on August 11, 2015 is modified as follows:

1.    On page 1, at the end of the first paragraph, replace "Affirmed" with:

    Affirmed with directions.

2.    On page 2, replace the last paragraph with:

      Defendant — understandably — appeals, claiming that the trial court had no authority to vacate the reduced sentence.  The People respond that the trial court had such

authority because the reduced sentence was both unauthorized and void. We cannot say that the reduced sentence was unauthorized, because all of the evidence that was before the trial court at the time indicated that defendant was entitled to resentencing. However, the reduced sentence was void on the face of the record. Accordingly, the trial court had the authority to vacate the reduced sentence and to reimpose the original sentence.

3. On page 6, at the end of the first paragraph, insert:

Thus, the amended abstract reflects that an "enhancement" under Penal Code section 186.22, subdivision (b)(4) was "stayed." (Capitalization altered.)

4. On page 17, under "DISPOSITION," replace "The judgment is affirmed" with:

The order appealed from is affirmed.

The clerk of the superior court is directed to prepare an amended abstract of judgment indicating that the gang finding was actually under Penal Code section 186.22, subdivision (b)(5) and was not stayed (although it did not result in any term of years).

In a petition for rehearing, defendant argued that the abstract of judgment did not correctly reflect his custody

2

credits. We decline to reach this issue because it was not raised in a timely manner. However, our disposition is without prejudice to any motion that defendant may bring in the trial court to correct his custody credits.

Other than this modification, the opinion remains unchanged. This modification changes the judgment.

CERTIFIED FOR PARTIAL PUBLICATION

<u>RAMIREZ</u>
P. J.

I concur:


<u>MILLER</u>
J.

3

Filed 8/11/15

CERTIFIED FOR PARTIAL PUBLICATION*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060218 |
| v. | (Super.Ct.No. FSB059205) |
| ALBERT AMAYA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Carl Fabian, under appointment by the Court of Appeal, for Defendant and Appellant.

---

\*        Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part III.

1

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Sharon Rhodes and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

In 2008, defendant Albert Amaya was found guilty of attempted extortion; two strike priors were found true, and defendant was sentenced, under the "Three Strikes" law as it then stood, to 25 years to life in prison. A gang allegation was also found true, but it had no effect on the total sentence, and it was not reflected in the abstract of judgment.

In 2013, defendant petitioned for resentencing under Proposition 36. Because of the gang finding, he was not actually eligible for resentencing. Nevertheless, the prosecutor, defense counsel, and even the clerk all mistakenly assured the trial court that the gang finding had been stricken. The trial court therefore resentenced him to less than the time he had already served, and he was released from prison.

One month later, the People detected the mistake. Defendant was hauled back into court and re-resentenced to 25 years to life.

Defendant — understandably — appeals. We will hold that the reduced sentence was not unauthorized, because all of the evidence that was before the trial court at the time indicated that defendant was entitled to resentencing. Nevertheless, the reduced sentence was void on the face of the record. Accordingly, the trial court had the authority to vacate the reduced sentence and to reimpose the original sentence.

2

I

FACTUAL AND PROCEDURAL BACKGROUND

A.      *2008 Sentencing*.

Defendant was charged with witness intimidation (Pen. Code, § 136.1), with a gang allegation under Penal Code section 186.22, subdivision (b)(4). He was also charged with attempted extortion (Pen. Code, § 524), with a gang allegation under Penal Code section 186.22, subdivision (b)(1).[1]

A jury found defendant not guilty of witness intimidation. However, it did find him guilty of attempted extortion, and it also found the related gang allegation to be true.

The clerk stated in the minute order that the gang finding had been made under Penal Code section 186.22, subdivision (b)(4). Actually, it had been made under Penal Code section 186.22, subdivision (b)(1). (Moreover, as we will discuss in the

---

[1]   A gang finding under Penal Code section 186.22, subdivision (b), can have the following effects, as relevant here:

1. Under Penal Code section 186.22, subdivision (b)(4), if the underlying offense is extortion by means of threat or fear or witness intimidation, the defendant must be sentenced to seven years to life. (*Id*., subd. (b)(4)(C).) This provision does *not* apply to *attempted* extortion (Pen. Code, § 524).

2. Under Penal Code section 186.22, subdivision (b)(5), if the underlying offense is a crime punishable by life imprisonment, the defendant must be sentenced to 15 years to life.

3. Under Penal Code section 186.22, subdivision (b)(1), in all other cases, the defendant must receive a sentence enhancement of two, three, or four years.

unpublished portion of our opinion, the subdivision that actually applied was Penal Code section 186.22, subdivision (b)(5).)

Defendant admitted two strike priors. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12.) Pursuant to the Three Strikes law as it then stood, the trial court sentenced defendant to 25 years to life.

At sentencing, the trial court stated that the gang finding did not result in "additional custody time . . . since it would only apply to Penal Code [s]ection 2933.1 presentence . . . credits."[2]

Presumably because the trial court did not impose any determinate or indeterminate term on the gang finding, the gang finding was not mentioned in the abstract of judgment.

B.      *June 2013 Resentencing*.

After Proposition 36 was enacted, defendant filed a petition for resentencing pursuant to it.

Because of the gang finding, defendant was not, in fact, eligible for resentencing. (Pen. Code, § 1170.126, subd. (e)(1); see Pen. Code, § 1192.7, subd. (c)(28); *People v. Briceno* (2004) 34 Cal.4th 451, 456.) However, the petition did not mention (and was not

---

[2]      In a footnote, defendant asserts that, regardless of what subdivision the gang finding was made under, Penal Code section 2933.1 did not apply to him. However, he has not raised any claim of error concerning the application of Penal Code section 2933.1. (See Cal. Rules of Court, rule 8.204(a)(1)(B) [brief must state each point under separate heading or subheading].)

4

required to mention[3]) the gang finding.  It did include the abstract of judgment; however, as already noted, the abstract failed to mention the gang finding.

At the hearing on the petition, the prosecutor stated, "No objection to resentencing."  The trial court specifically inquired, "Is there a gang enhancement?"  The prosecutor, defense counsel, and the clerk each assured the court that the gang enhancement had been "stricken."  Thus, the trial court found defendant eligible for resentencing.  It resentenced him to six years (double the upper term).  As he had already served this term, the trial court ordered him released forthwith.

C.      *December 2013 Re-Resentencing*.

About a month later, the People filed a motion to recall the sentence.  In the caption, they cited Penal Code section 1170, subdivision (d)(1).  In the body of the motion, however, they argued only that the June 2013 resentencing had resulted in an unauthorized sentence.  While that motion was pending, they also filed a motion to set aside the resentencing order as void.

In opposition, defendant argued that the error was judicial, not clerical, and therefore not subject to correction.

---

[3]      A petition for resentencing must "specify all of the *currently charged felonies*, which resulted in the sentence . . . ."  (Pen. Code, § 1170.126, subd. (d), italics added.)  Thus, it does not appear necessary to specify any *enhancements* that contributed to the sentence.  A fortiori, it does not appear necessary to specify any enhancements that, like the gang enhancement here, did not actually contribute to the sentence.

5

The trial court granted one or both of the People's motions (it did not specify which). It vacated the resentencing order, reinstated the original sentence, and ordered that the abstract be amended to reflect the gang finding.

II

THE JUNE 2013 RESENTENCING WAS VOID

"Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced. [Citations.]" (*People v. Karaman* (1992) 4 Cal.4th 335, 344.)

However, there are a number of exceptions to this rule.

One such exception is found in Penal Code section 1170.126. This section was enacted in 2012 as part of Proposition 36. Proposition 36 changed the Three Strikes law so that a defendant with two strike priors is no longer subject to an indeterminate term of 25 years to life unless the current offense is also a serious or violent felony. In general, subject to exceptions not relevant here, Penal Code section 1170.126 allows the trial court to resentence an inmate who was sentenced under the prior law to 25 years to life for a nonserious, nonviolent offense.

Here, the gang finding caused defendant's current conviction for attempted extortion to be a serious felony. (Pen. Code, § 1192.7, subd. (c)(28).) Hence, he was not eligible for resentencing pursuant to Penal Code section 1170.126. Nevertheless, in June 2013, the trial court did resentence him, and under this very statute. Accordingly, the key

6

question in this appeal is whether there was any exception to the rule against resentencing that allowed the trial court to re-resentence him in December 2013.

Another exception to the rule against resentencing is found in Penal Code section 1170, subdivision (d)(1). (See *People v. Karaman*, *supra*, 4 Cal.4th at pp. 351-352.) That subdivision allows the trial court to resentence a defendant who "has been sentenced to be imprisoned in the state prison and has been committed to the custody of the secretary . . . within 120 days of the date of commitment . . . , provided the new sentence, if any, is no greater than the initial sentence."

In this appeal, the People disclaim any reliance on Penal Code section 1170, subdivision (d)(1). If only out of an excess of caution, however, we note that this statute did not apply, for two reasons. First, at the June 2013 resentencing, defendant was not "committed to the custody of the secretary"; rather, the trial court ordered him released.[4] Second, the "new sentence" imposed at the December 2013 re-resentencing was substantially greater than the "initial sentence" imposed at the June 2013 resentencing.

A third exception is a clerical sentencing error. "Courts may correct clerical errors at any time . . . . [Citations.]" (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) "Clerical error, however, is to be distinguished from judicial error[,] which cannot be corrected by amendment. The distinction between clerical error and judicial error is 'whether the error

---

**4** Defendant argues that Penal Code section 1170, subdivision (d)(1) did not apply because the 120 days had run. The 120 days, however runs from "the date of commitment." As just noted, at the June 2013 resentencing, defendant was not committed, so the 120 days never started running.

7

was made in rendering the judgment, or in recording the judgment rendered.' [Citation.] Any attempt by a court, under the guise of correcting clerical error, to 'revise its deliberately exercised judicial discretion' is not permitted. [Citation.]" (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

In this case, the trial court expressly considered whether there was a gang finding. Based on the combined assurances of the prosecutor, defense counsel, and the clerk, it found that there was not and that defendant was eligible for resentencing. There can be no claim that either the clerk or the court reporter made some kind of scrivener's error in recording the trial court's conclusion. While this conclusion was contrary to fact, it was the product of the exercise of judicial discretion.

Yet another exception is an unauthorized sentence. "[A]n unauthorized sentence . . . is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement." (*People v. Serrato* (1973) 9 Cal.3d 753, 764, overruled on other grounds in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1.)

"Although the cases are varied, a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case. Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing. [Citation.]" (*People v. Scott* (1994) 9 Cal.4th 331, 354.) In contrast to unauthorized

8

sentences are "sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner." (*Ibid*.)

*In re Alexander A*. (2011) 192 Cal.App.4th 847 is closely analogous to this case. There, the minor defaced a mural with graffiti. (*Id*. at pp. 851, 858-859.) The victim could not afford to restore the mural, which would have cost $18,750, so it painted over both the graffiti and the mural, at a cost of $234.92. The parties stipulated that the appropriate amount of restitution was $234.92. (*Id*. at p. 851.) On appeal, however, the People argued that the appropriate amount of restitution was $18,750. (*Id*. at pp. 858-859.) To avoid their apparent forfeiture of this argument, they also argued that the asserted error resulted in an unauthorized sentence. (*Id*. at p. 859.)

The appellate court held that the sentence was not unauthorized. (*In re Alexander A*., *supra*, 192 Cal.App.4th at pp. 858-859.) It indicated that the trial court was required to determine the amount of the victim's economic losses by some rational method, and it had done so by accepting the parties' stipulation. The court concluded that the "[e]rror, if any, is not correctable without referring to factual findings in the record or remanding for further proceedings. [Citations.]" (*Id*. at p. 859.)

Here, almost identically, the trial court was required to determine whether defendant was eligible for resentencing. The record before it, consisting solely of defendant's petition, indicated that he was eligible. The People did not introduce any additional evidence. They also did not ask the trial court to take judicial notice of the record in the case; in the absence of such a request, the trial court was not required to do

9

so.  (Evid. Code, §§ 452, subd. (d)(1), 453.)  Finally, much as in *Alexander A.*, the People more or less stipulated that the gang enhancement had been stricken and that defendant was eligible for resentencing.  Under these circumstances, the June 2013 resentencing did not result in an unauthorized sentence.

One last exception is a sentence that is void on the face of the record.  "It is well settled that '[a] judgment or order which is void on the face of the record thereof may be set aside at any time by the court that made it . . . .  [Citations.] . . .' [Citations.]" (*Sovereign v. People* (1983) 144 Cal.App.3d 143, 147 [Fourth Dist., Div. Two], overruled on other grounds in *People v. Ansell* (2001) 25 Cal.4th 868, 893.)  "'A judgment which is void upon its face, and which requires only an inspection of the judgment roll to demonstrate its want of vitality, is a dead limb upon the judicial tree, which should be lopped off, if the power so to do exists. . . .'" (*People v. De Blasio* (1963) 219 Cal.App.2d 767, 769.)

"'A judgment is void on its face if the court which rendered the judgment lacked personal or subject matter jurisdiction or exceeded its jurisdiction in granting relief which the court had no power to grant.  [Citations.]' [Citation.]" (*Carr v. Kamins* (2007) 151 Cal.App.4th 929, 933.)  The record here demonstrated that the June 2013 resentencing granted relief that the court had no power to grant.  Hence, the June 2013 resentencing was void on the face of the record and could be set aside at any time.

10

*People v. Estrada* (1963) 211 Cal.App.2d 722 supports our view. There, the defendant was convicted of selling marijuana; he admitted a prior conviction for possession of narcotics. (*Id*. at p. 724.) As a result, he was statutorily ineligible for probation. (*Id*. at p. 728.) Initially, the trial court placed him on probation. On the People's motion, however, it vacated the grant of probation and resentenced the defendant to prison. (*Id*. at p. 724.) The appellate court held: "The trial court mistakenly granted the defendant probation; [it] had no jurisdiction to do so [citations]; and its order in the premises was void on its face. [Citation.] Thereafter, it set aside this order, which was proper. [Citations.]" (*Id*. at pp. 728-729.)

We recognize that the 2008 sentencing minute order was not before the trial court at the June 2013 resentencing. Moreover, the prosecutor stipulated that the gang enhancement had been stricken. These facts are relevant to whether the June 2013 resentencing was an unauthorized sentence, but they are not relevant to whether the resulting sentence was void on the face of the record. Prosecutors are entrusted with great enforcement discretion; nevertheless, they cannot, by stipulation, confer jurisdiction on the trial court to resentence a person under Penal Code section 1170.126 when the trial court's own records in the case show that the person is indisputably ineligible.

Defendant also argues that the June 2013 finding that he was eligible for resentencing was res judicata (or, more precisely, collateral estoppel). However, it is hornbook law that a void judgment has no effect as either res judicata or collateral

11

estoppel.  (*People v. Kim* (2012) 212 Cal.App.4th 117, 125; *People v. Cavanna* (1989) 214 Cal.App.3d 1054, 1062.)

Finally, defendant also argues that, at the 2008 sentencing, the trial court effectively struck the gang finding.  He relies on cases holding that the failure to impose a sentence on an enhancement requires that the enhancement be stricken.  (E.g., *In re Candelario*, *supra*, 3 Cal.3d at p. 706.)  "Reference to the prior conviction must be included in the pronouncement of judgment for if the record is silent in that regard, in the absence of evidence to the contrary, it may be inferred that the omission was an act of leniency by the trial court.  In such circumstances the silence operates as a finding that the prior conviction was not true.  [Citation.]"  (*Ibid.*, fn. omitted.)

Here, however, the trial court *did* refer to the gang finding at sentencing; it simply ruled that the gang finding did not result in "additional custody time."  Indeed, if the gang finding had been made under Penal Code section 186.22, subdivision (b)(4), as the trial court mistakenly believed, that would have been entirely correct; it would merely have required an indeterminate term for the underlying offense, which was already required under the Three Strikes law.  Thus, we are not dealing with a silent record.  Because the gang finding, in the trial court's expressly stated view, did not entail any additional sentence, the failure to impose any additional sentence plainly was not an act of leniency.[5]

---

**5**       Defendant also argues that double jeopardy precluded the trial court from imposing greater punishment in December 2013 than in 2008.  This argument presumes that in 2008, the trial court struck the gang finding.  As just discussed, however, we do

*[footnote continued on next page]*

In sum, we conclude that the June 2013 resentencing resulted in a judgment that was void on the face of the record. It follows that the trial court did not err, at the December 2013 re-resentencing, in reinstating the original sentence.

III

THE EFFECT OF THE GANG FINDING

Defendant contends that, even assuming he is not entitled to the benefits of the June 2013 resentencing, both the 2008 sentence and the December 2013 re-resentencing are "void" because the trial court failed to impose a term of years on the gang finding under Penal Code section 186.22, subdivision (b)(1). He asks us to remand for resentencing.

At first blush, it seems odd that defendant is asking that *more* time be added to his sentence. Even on remand, he would still be subject to a sentence of 25 years to life under the Three Strikes law, because the gang finding — regardless of which subdivision it is under — makes his current offense a serious felony (Pen. Code, § 1192.7, subd. (c)(28)). (See Pen. Code, §§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A).) Defendant vaguely explains that he wants the trial court to "exercise informed discretion in conformity with the law and the individualized facts of this case." Doing our best to read between the lines, we can only speculate that he hopes the trial court will either strike one

_____

*[footnote continued from previous page]*
not agree that it did. However, we also note that the trial court imposed exactly the same punishment in December 2013 as in 2008.

13

of his strikes (see *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497) or reduce his current conviction to a misdemeanor (Pen. Code, § 17).[6]

In any event, we do not agree that the trial court was required to impose any time on the gang finding. Penal Code section 186.22, subdivision (b), as relevant here, provides:

"(1) Except as provided in paragraph[] . . . (5), any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished as follows:

"(A) . . . [T]he person shall be punished by an additional term of two, three, or four years at the court's discretion. [¶] . . . [¶] . . .

"(5) . . . [A]ny person who violates this subdivision in the commission of a felony punishable by imprisonment in the state prison for life shall not be paroled until a minimum of 15 calendar years have been served."

---

[6] It is also conceivable that he is hoping for more favorable treatment under Proposition 36 and/or Proposition 47 (assuming they apply to crimes committed before their enactment), though it is not immediately apparent how.

As discussed, the gang allegation that the jury found true was actually made under Penal Code section 186.22, subdivision (b)(1). Ordinarily, that would call for the imposition of an enhancement term of two, three, or four years. However, that subdivision applies only "[e]xcept as provided in paragraph[] . . . (5) . . . ." And under Penal Code section 186.22, subdivision (b)(5), when the underlying offense is "a felony punishable by imprisonment in the state prison for life," the gang finding calls for a 15-year minimum parole period.

"Because [Penal Code] section 186.22, subdivision (b)(1) authorized imposition of an enhancement '[e]xcept as provided in paragraphs (4) and (5),' 'the gang enhancement under [Penal Code] section 186.22, subdivision (b)(1) may not be imposed when subdivision (b)(4) or (b)(5) applies instead.' [Citation.]" (*People v. Louie* (2012) 203 Cal.App.4th 388, 396.)

In *People v. Williams* (2014) 227 Cal.App.4th 733, the court held that when a defendant is sentenced to 25 years to life pursuant to the Three Strikes law, then the underlying felony is "a felony punishable by imprisonment in the state prison for life" for purposes of Penal Code section 186.22, subdivision (b)(5). (*Williams*, *supra*, at pp. 736-737, 740-745.)

In sum, then, defendant was properly sentenced to 25 years to life under the Three Strikes law. As a result, the gang finding did not trigger a term of two, three, or four years under Penal Code section 186.22, subdivision (b)(1). Rather, it triggered a 15-year

15

minimum probation eligibility period under Penal Code section 186.22, subdivision (b)(5).

Defendant argues that *Williams* does not apply here "because it is the gang enhancement itself that subjects appellant to . . . an indeterminate life term. Therefore, it would constitute improper dual use and bootstrapping for the gang enhancement to first elevate appellant's sentence from a six-year determinate term to a 25 years to life indeterminate term, and then [impose] an additional penalty of a minimum eligibility for parole."

In our view, however, there is no impermissible bootstrapping, because the 15-year minimum parole period does not impose any additional penalty. In other words, the trial court is *not* supposed to take the underlying sentence of 25 years to life and add 15 years to the minimum parole period, thus increasing the sentence to 40 years to life. Rather, the sentence *remains* 25 years to life, as this already *includes* a 15-year minimum parole period. (*People v. Lopez* (2005) 34 Cal.4th 1002, 1009; *People v. Harper* (2003) 109 Cal.App.4th 520, 527.)

We therefore conclude that the 2008 sentencing (and hence also the 2013 re-resentencing) quite properly did not impose a term of years on the gang finding. Accordingly, defendant is not entitled to a remand for resentencing.

IV

DISPOSITION

The judgment is affirmed.

CERTIFIED FOR PARTIAL PUBLICATION

RAMIREZ
                                                        P. J.

We concur:

McKINSTER
                    J.

MILLER
                    J.

17