Filed 6/7/16  P. v. Leyva CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>MANUEL LEYVA,<br><br>   Defendant and Appellant. | 2d Crim. No. B264249<br>(Super. Ct. No. 1353962)<br>(Santa Barbara County) |

Manuel Leyva appeals an order which vacated the granting of his Proposition 47 petition (the Safe Neighborhoods and Streets Act) ("the Act"). (Pen. Code, § 1170.18.)[1]  We conclude the trial court properly vacated the order granting that petition after it discovered that Leyva had previously been convicted of an offense that made him ineligible for Proposition 47 relief.  We affirm.

### FACTS

In 2011, Leyva was convicted of second degree commercial burglary (§ 459) and he was sentenced to a state prison term.

After the passage of Proposition 47 (§ 1170.18), Leyva filed a petition for resentencing claiming that his 2011 felony conviction should be designated a misdemeanor.  The trial court granted his petition.  It reduced his commercial burglary

---

[1] All statutory references are to the Penal Code unless otherwise stated.

conviction to a misdemeanor, resentenced him and ordered that he be released from prison.

Leyva was not released from prison. One week after the trial court granted his Proposition 47 petition, it discovered that Leyva had been previously convicted of an offense that requires registration as a sex offender. (§ 290.)

The trial court found Leyva was ineligible for the Proposition 47 relief it had granted. It issued an order stating, "[O]rder granting Prop. 47 relief and resentencing under Prop. 47 is vacated; prison sentence is reinstated."

## DISCUSSION

### *Jurisdiction to Vacate the Proposition 47 Relief Order*

Leyva contends the trial court lacked jurisdiction to vacate the order that had granted his Proposition 47 petition. We disagree.

Proposition 47 "changed portions of the Penal Code and Health and Safety Code to reduce various drug possession and theft-related offenses from felonies (or wobblers) to misdemeanors, unless the offenses were committed by certain ineligible offenders." (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1222.) The Act has an exclusion provision for such ineligible offenders.

The Act provides that a defendant may not petition for Proposition 47 relief if he or she committed "an offense requiring registration pursuant to subdivision (c) of section 290" as a sex offender. (§ 1170.18, subd. (i).)

Here, after granting Leyva's Proposition 47 petition, the trial court discovered that Leyva had been convicted of an offense that required registration under section 290. The court consequently vacated the order granting the Proposition 47 petition.

Leyva contends the trial court lacked jurisdiction to vacate that order or change the misdemeanor sentence he received as a result of the granting of the Proposition 47 petition. But Leyva was not eligible to file a petition under Proposition 47. When the court discovered his ineligibility, it properly vacated its prior order. (*People v. Amaya* (2015) 239 Cal.App.4th 379, 382, 388.) " '[A] sentence is generally

2

"unauthorized" where it could not lawfully be imposed under any circumstance in the particular case.' " (*Id*. at p. 385.) Leyva was not entitled to designate his felony offense a misdemeanor under Proposition 47. " '[A]n unauthorized sentence . . . is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original pronouncement.' " (*Ibid*.)

In *Amaya*, the trial court granted the defendant's petition for resentencing under Proposition 36. The court was unaware that the defendant had a prior "gang allegation" which was "found true," but due to a mistake it was "not reflected in the abstract of judgment." (*People v. Amaya, supra*, 239 Cal.App.4th at p. 381.) Consequently, the defendant was ineligible for resentencing under Proposition 36. Upon discovery of this fact, the court vacated its prior order. The Court of Appeal held the trial court properly vacated its prior grant of Proposition 36 relief because "the court had no power to grant" it. (*Id.* at p. 386.) The order granting Proposition 36 relief was void and "could be set aside at any time." (*Ibid.*)

That is what happened in this case. In his Proposition 47 petition, Leyva stated under penalty of perjury that he had "not been convicted of an offense enumerated in Penal Code section 290, subdivision (c)." As in *Amaya*, the trial court granted relief, but subsequently discovered Leyva's ineligibility for resentencing. It could not allow him to receive Proposition 47 relief after discovering Leyva's false representation about his criminal history.

Leyva contends *Amaya* is inconsistent with established case law. He claims a trial court may not correct a sentence it previously imposed simply because it later discovers it made a mistake or was "unaware of a disqualifying factor." We disagree.

"An unauthorized sentence is ' "subject to judicial correction when it ultimately [comes] to the attention of the trial court . . . ." ' " (*People v. Cates* (2009) 170 Cal.App.4th 545, 552.) In *People v. Estrada* (1963) 211 Cal.App.2d 722, the trial court granted probation for a defendant who was ineligible for probation. The court later discovered its mistake and set aside its prior sentence. The Court of Appeal affirmed.

3

It held the trial court acted within its authority by setting aside the unauthorized sentence. (*Id.* at p. 729.)  Leyva has not shown error.

The order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:


YEGAN, J.


PERREN, J.

4

Gustavo E. Lavayen, Judge

Superior Court County of Santa Barbara

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.