Filed 8/21/24  P. v. Resendiz CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>VINCENT RESENDIZ,<br><br>    Defendant and Appellant. | G062714<br><br>(Super. Ct. No. 93CF3219)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael A. Leversen, Judge.  Reversed and remanded with directions.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Elizabeth M. Kuchar, Deputy Attorneys General, for Plaintiff and Respondent.

In 1995, appellant was convicted of murder and attempted voluntary manslaughter. In 2023, after conducting an evidentiary hearing under Penal Code section 1172.6, the trial court denied appellant's petition to vacate his murder conviction, but it granted his request to vacate his conviction for attempted voluntary manslaughter. The parties agree, as do we, that both aspects of the trial court's order are incorrect. We thus reverse the order and remand for further proceedings.

FACTUAL AND PROCEDRUAL BACKGROUND

In 1993, appellant was involved in a drive-by shooting that killed one person and wounded another. Although appellant was not the shooter, he was tried for first degree murder and attempted premeditated murder as an accomplice. The jury was instructed on both the direct and the natural and probable consequences theories of aiding and abetting. However, it was not instructed on the felony murder theory of liability.

The jury convicted appellant of the lesser included offenses of second degree murder and attempted voluntary manslaughter, with an attendant enhancement for being vicariously armed with a firearm. (Pen. Code, §§ 187, 189, 664/192, subd. (a), 12022, subd. (a)(1).) The trial court sentenced him to prison for 20 years to life, and we affirmed the judgment on appeal. (*People v. Resendiz et al.* (Feb. 25, 1998, G019384) [nonpub. opn.].)

In 2020, in response to appellant's petition for resentencing, the trial court issued an order to show cause and conducted an evidentiary hearing pursuant to Penal Code section 1172.6, subdivisions (c) and (d). At the hearing, the parties directed their arguments to whether there was sufficient evidence at appellant's trial to prove he directly aided and abetted the shootings with malice. Neither side argued nor relied on the felony murder theory of liability.

2

Nevertheless, the trial court relied on that theory alone in denying appellant's petition for resentencing on his murder conviction. In particular, the trial court determined appellant was ineligible for relief as to that offense because he was a major participant in the underlying felony of firing a firearm from a motor vehicle, and he acted in a manner that was recklessly indifferent to human life within the meaning of Penal Code section 189, subdivision (e)(3). However, the court vacated appellant's conviction for attempted voluntary manslaughter and resentenced him to 16 years to life in prison. This appeal followed.

DISCUSSION

Appellant claims the trial court erred in relying on the felony murder theory in denying his petition for resentencing on his murder conviction, and the Attorney General concedes the error. In fact, the state admits that not only did the prosecution avoid the felony murder theory at trial and in opposing appellant's resentencing petition, that theory is legally inapt to the facts of this case. (See *People v. Chun* (2009) 45 Cal.4th 1172, 1200 [if the underlying felony is assaultive in nature, it merges with the homicide and cannot be used to support a conviction for felony murder].)

Therefore, we agree with the parties that the trial court's order denying appellant relief on his murder conviction must be reversed, and the matter must be remanded for a new evidentiary hearing. (*People v. Reyes* (2023) 14 Cal.5th 981, 992; *People v. Arnold* (2023) 93 Cal.App.5th 376, 391.) At the hearing, the prosecution must prove beyond a reasonable doubt that appellant is guilty of murder under a currently valid theory of liability, such as direct aiding and abetting. (*People v. Curiel* (2023) 15 Cal.5th 433, 463.) Otherwise, the trial court must vacate his murder conviction and resentence him pursuant to the terms of Penal Code section 1172.6.

3

The other component of the trial court's ruling – granting appellant relief on his conviction for attempted voluntary manslaughter – is also under attack in this appeal. The Attorney General contends that aspect of the court's order is void as a matter of law because attempted voluntary manslaughter is not listed among the offenses that are subject to vacatur under Penal Code section 1172.6. (See Pen. Code, § 1172.6, subd. (a) [listing murder, attempted murder and manslaughter as the only offenses that are subject to vacatur and resentencing].)

Appellant does not dispute this claim, and for good reason. The law is well established that a trial court order which is void on the face of the record may be set aside at any time. (*Luckenbach v. Krempel* (1922) 188 Cal. 175, 176-177; *People v. Serrato* (1973) 9 Cal.3d 753, 763, disapproved on another ground as stated in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn.1.) This rule applies to unauthorized sentencing decisions (*People v. Scott* (1994) 9 Cal.4th 331, 354), including those that are purportedly sanctioned by a remedial sentencing statute. (See, e.g., *People v. Burhop* (2021) 65 Cal.App.5th 808, 814 [reversing an unauthorized vacatur order that was issued under Penal Code section 1172.6]; *People v. Amaya* (2015) 239 Cal.App.4th 379 [reversing an unauthorized sentencing reduction under Proposition 36].) Accordingly, the trial court's decision to vacate appellant's conviction for attempted voluntary manslaughter cannot stand.

## DISPOSITION

The trial court's order is reversed, and the matter is remanded for further proceedings. On remand, the trial court shall enter a new order denying appellant's petition to vacate his conviction for attempted voluntary manslaughter. The court shall also conduct a new evidentiary hearing on

4

appellant's entitlement to vacatur and resentencing on his conviction for second degree murder.

                                        BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


SANCHEZ, J.