Filed 1/23/25  P. v. Dasenbrock CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>ROBIN SCOTT DASENBROCK,<br><br>　　Defendant and Appellant. | G063441<br><br>(Super. Ct. No. C-66882)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Lance Jensen, Judge. Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*　　　　\*　　　　\*

Defendant Robin Scott Dasenbrock is a serial rapist. In 1990, he was convicted of over three dozen misdemeanors and felonies, including more than a dozen counts of rape and other sexual assault offenses. He was sentenced to 142 years and four months in prison. In November 2022, he filed a petition for resentencing (the petition) under a former version of Penal Code section 1170.91, which was effective from January 1, 2019 to December 31, 2022 (former section 1170.91; added by Stats. 2014, ch. 163, § 2, eff. Jan. 1, 2015, and amended by Stats. 2018, ch. 523, § 1, eff. Jan. 1, 2019).[1] However, his petition was not heard until 2023. By that time, section 1170.91 had been amended to exclude from relief persons convicted of offenses requiring sex offender registration. (§ 1170.91, subd. (c).) Based on the amended statute, the trial court found Dasenbrock was barred from relief due to his numerous sex offenses and denied the petition on its face. The court further stated that even if it considered the petition's merits under former section 1170.91, it would not exercise its discretion to resentence Dasenbrock.

On appeal, Dasenbrock's appointed counsel filed a no-issue brief requesting that we exercise our discretion to independently review the record for error under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Dasenbrock then submitted a supplemental brief raising several issues for review. We have considered his arguments and have independently reviewed

---

[1] All further undesignated statutory references are to the Penal Code.

the record but have found no arguable issues on appeal. As such, we affirm the trial court's order.

## FACTS AND PROCEDURAL HISTORY

In 1988, the prosecution filed an information charging Dasenbrock with 45 felonies and misdemeanors allegedly committed between November 1985 and April 1987. Dasenbrock pled guilty to (i) two counts of burglary (former § 459); (ii) two counts of misdemeanor prowling (former § 647, subd. (g)); and (iii) one count of felony attempted burglary (former §§ 459 & 664). He went to trial on the remaining charges, and a jury subsequently found him guilty of 34 felony counts:

- 14 counts of first degree burglary (former § 459);
- 12 counts of rape by force, violence, or fear of unlawful bodily injury (former § 261, subd. (2));
- One count of rape of an unconscious victim (former § 261, subd. (4));
- Two counts of forced oral copulation (former § 288a, subd. (c));
- Two counts of assault with intent to commit rape (former § 220);
- One count of anal or genital penetration by a foreign object for sexual purpose (former § 289, subd. (a));
- One count of sodomy (former § 286, subd. (c)); and
- One count of robbery (§ 211).[2]

The jury also found it true that Dasenbrock had used a deadly weapon—a knife—in committing some of the rapes. (Former § 12022.3, subd. (a).)

---

[2] Two counts were dismissed prior to trial, and the jury found Dasenbrock not guilty on four counts (three counts of assault with intent to commit rape and one count of burglary).

In April 1991, the trial court sentenced Dasenbrock to 142 years and four months in prison.

On November 28, 2022, Dasenbrock filed the petition under former section 1170.91. Generally, former section 1170.91, subdivision (b)(1), allowed military members or veterans suffering from sexual trauma, traumatic brain injury, posttraumatic stress disorder, substance abuse, or mental health problems arising from their service to file a petition for resentencing when certain conditions were met. (Former § 1170.91, subd. (b)(1).) If a petitioner met the conditions in subdivision (b)(1), former section 1170.91, subdivision (b)(3), imbued the trial court with discretion to resentence him or her to a lower term.

In the petition, Dasenbrock claimed to suffer from posttraumatic stress disorder, substance abuse, and depression as a result of his military service. He also claimed to have met all the other requirements of former section 1170.91, subdivision (b)(1), and he asked the trial court to exercise its discretion to resentence him.

The hearing on the petition was continued several times and eventually held in November 2023. By that time, though, section 1170.91 had been amended to add section 1170.91, subdivision (c), which precludes resentencing relief to persons convicted of offenses requiring sex offender registration. (§ 1170.91, subd. (c).) Given his numerous rape convictions, Dasenbrock no longer qualified for relief under the amended version of section 1170.91. The trial court applied the amended version of section 1170.91 based on *People v. Sherman* (2023) 91 Cal.App.5th 325 (*Sherman*), and it denied the petition.

The trial court further explained that even if Dasenbrock was eligible for resentencing consideration under former section 1170.91, it would

4

still deny his request. The court acknowledged that Dasenbrock was a veteran with a qualifying mental health issue arising from his service and that he had met the other conditions to be considered for resentencing under former section 1170.91, subdivision (b). But given the nature of his crimes and the number of his convictions, the court stated it would still decline to exercise its discretion to resentence him under the former statute even if it applied.[3]

Dasenbrock appealed the order denying the petition. His counsel then filed a no-issue brief requesting that we independently review the record under *Delgadillo*. His counsel submitted a declaration stating, "I have thoroughly reviewed the record on appeal in this case and consulted with attorneys at the Appellate Defenders Inc. Based on my review, I have determined that a brief pursuant to [*Delgadillo*] is appropriate." On May 17, 2024, this Court issued an order granting Dasenbrock 30 days to submit a supplemental brief, which he filed on June 7, 2024. We discuss his arguments below.

DISCUSSION

I.

APPLICABLE LAW

*A. Delgadillo*

Under *People v. Wende* (1979) 25 Cal.3d 436, Courts of Appeal "must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes

---

[3] At the hearing, the trial court stated it was not exercising its discretion under former section 1170.91, subdivision (b)(4). Based on its remarks, though, we presume it meant to cite former section 1170.91, subdivision (b)(3).

the appeal as frivolous." (*Delgadillo, supra*, 14 Cal.5th at p. 221.) *Wende* review does not apply to appeals of postconviction orders. (*Id*. at p. 226.) However, in *Delgadillo*, our Supreme Court provided guidance concerning appeals of postconviction orders denying resentencing petitions under section 1172.6: "On an appeal from the denial of a section 1172.6 petition . . . . [w]hen appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send . . . notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id*. at pp. 231–232.)

"If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues. [Citations.] If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned. [Citation.] If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter. [Citation.] While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal." (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

Unlike *Delgadillo*, this appeal does not involve the denial of a resentencing petition under section 1172.6. Nor has Dasenbrock explained why *Delgadillo*'s procedures should be applied to appeals of postjudgment

6

orders outside this specific context. Nonetheless, we will consider the issues raised by Dasenbrock's supplemental brief in the interests of justice.

## B. Sherman

Before reviewing Dasenbrock's arguments, we discuss *Sherman*, which is nearly identical to the case at hand. In *Sherman*, the defendant was sentenced to 123 years to life in 2001 for raping and sexually assaulting numerous women in the 1990s. (*Sherman, supra*, 91 Cal.App.5th at pp. 327–328.) In 2020, he filed a motion for resentencing under former section 1170.91, arguing he suffered from substance abuse problems and depression as a result of his military service. (*Id.* at p. 328.) The trial court denied the motion, finding no connection between the defendant's mental health issues and his sex offenses. (*Id.* at p. 329.) The defendant appealed, but his appeal was not heard until 2023, after the amendments to section 1171.91 had gone into effect. (*Id.* at pp. 329–330.) Though the defendant's resentencing motion had been heard by the trial court while former section 1171.91 had been in effect, the appellate court found the amended statute now barred the defendant from relief. (*Id.* at p. 330.)

The appellate court explained, "Section 1170.91 is a remedial statute designed to allow the trial court to ameliorate the effects of a potentially excessive sentence for criminal defendants who may suffer from qualifying mental health conditions or substance abuse as a result of their military service. By amending section 1170.91 to add subdivision (c)—a carve-out provision making certain groups of defendants who were previously eligible for relief categorically ineligible—the Legislature effectively accomplished a partial repeal of the statute. [Citation.] When a pending matter rests solely on a statutory basis, and no rights have vested under the statute, a repeal or partial repeal of the statutory right or remedy operates

7

prospectively and applies to the pending case." (*Sherman, supra,* 91 Cal.App.5th at p. 331.) In *Sherman,* the defendant was "asserting a purely statutory right to be resentenced, but he ha[d] no vested right to resentencing under section 1170.91 because '[u]ntil it is fully enforced, a statutory remedy is merely an '"inchoate, incomplete, and unperfected"' right, which is subject to legislative abolition.'" (*Id.* at pp. 331–332.) Thus, the appellate court applied the amended version of section 1170.91, found the defendant was barred from relief due to his sex offenses, and affirmed the order denying his petition. (*Id.* at pp. 333–334.)

## II.

## APPLICATION OF SECTION 1171.91

*A.  Retroactivity*

Dasenbrock appears to contend the amended version of section 1170.91 should not apply to him retroactively because he filed the motion prior to January 1, 2023, but was not given a hearing until after the amendments became effective.[4] But retroactivity is not a concern here. As *Sherman* explained, "'The repeal of a statutory right or remedy . . . presents entirely distinct issues from that of the prospective or retrospective application of a statute.' [Citation.] 'Where, as here, the Legislature has conferred a remedy and withdraws it by amendment or repeal of the remedial statute, the new statutory scheme may be applied to pending actions *without triggering retrospectivity concerns . . . .*'" (*Sherman, supra,* 91 Cal.App.5th at p. 330, italics added.) "'"The justification for this rule is that all statutory

---

[4] A hearing on the petition was initially set for December 16, 2022. It was continued several times, and the petition was eventually heard in November 2023. At the hearing, both sides and the trial court agreed the continuances had been made in good faith.

8

remedies are pursued with full realization that the Legislature may abolish the right to recover at any time."'" (*Id*. at pp. 330–331.)

Further, the above rule that the Legislature may repeal a remedial statute without triggering retroactivity concerns has been applied in a variety of contexts over the years. Indeed, it has been cited by our Supreme Court for decades. (See, e.g., *Governing Board v. Mann* (1977) 18 Cal.3d 819, 829 ["'It is also a general rule . . . that a cause of action or remedy dependent on a statute falls with the repeal of the statute, even after the action thereon is pending, in the absence of a saving clause in the repealing statute'"]; *Southern Service Co. v. Los Angeles County* (1940) 15 Cal.2d 1, 12 ["'The unconditional repeal of a special remedial statute without a saving clause stops all pending actions where the repeal finds them. . . . The reviewing court must dispose of the case under the law in force when its decision is rendered'"].) Under this well-established rule, the court correctly applied the amended version of section 1170.91 to the petition.

## B. *Equal Protection*

Next, Dasenbrock claims the trial court's failure to apply former section 1170.91 to his petition violated equal protection. With regard to unequal treatment, he argues petitions heard prior to January 1, 2023, were considered under former section 1170.91, while petitions filed prior to January 1, 2023, but not heard until after that date, were reviewed under the amended statute. We find no constitutional violation because a rational basis exists for the alleged unequal treatment.

"'[T]he requirement of equal protection ensures that the government does not treat a group of people unequally without some justification.' [Citation.] 'Equal protection does not require that all persons be dealt with identically, but it does require that a distinction made have some

relevance to the purpose for which the classification is made.'" (*People v. Williams* (2024) 17 Cal.5th 99, 122.)

Courts apply the rational basis test where, as here, ""'a statutory classification . . . neither proceeds along suspect lines nor infringes fundamental constitutional rights.'""(*Quinn v. LPL Financial LLC* (2023) 91 Cal.App.5th 370, 380.) "The inquiry under the rational basis test is whether the policy bears 'some rational relationship to a conceivable legitimate state purpose.' [Citations.] The burden is on the party challenging the constitutionality of the policy to show that it bears no rational relationship to a legitimate governmental purpose." (*Graham v. Kirkwood Meadows Pub. Util. Dist.* (1994) 21 Cal.App.4th 1631, 1646.) This standard "'is extremely deferential and we do not inquire into the wisdom of governmental action. Nor do we assess the wisdom, fairness, or logic of legislative choices.'" (*Hobbs v. City of Pacific Grove* (2022) 85 Cal.App.5th 311, 327.)

Dasenbrock essentially argues the statute's effective date unfairly discriminates between petitions heard before and after its occurrence. But "[t]he right to equal protection of the law generally does not prevent the state from setting a starting point for a change in the law. '[T]he Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time.'" (*People v. Lynch* (2012) 209 Cal.App.4th 353, 359.) "[T]he practical necessity that a statutory change have a beginning provides a rational basis for classifications that fall on either side of the statute's effective date." (*People v. Verba* (2012) 210 Cal.App.4th 991, 996.) Thus, there is a rational basis for treating differently section 1170.91 petitions heard before January 1, 2023, and those heard after that date. While it is unfortunate for Dasenbrock that the petition was not heard until after

January 1, 2023, applying the amended version of section 1170.91 to the petition did not violate equal protection. (*Ibid.*)

## C. Prejudice

Finally, even if the trial court erred by failing to apply former section 1170.91, Dasenbrock cannot show any prejudice from this error. (*People v. Clair* (1992) 2 Cal.4th 629, 668.) The court stated it would not resentence him under former section 1170.91 even if it applied to the petition. As explained below, we see no arguable error in the court's application of the former statute.

Under former section 1170.91, subdivision (b)(1), persons serving sentences for felony convictions could apply for resentencing if (1) they were military members or veterans suffering from certain mental health conditions as a result of their service, (2) the qualifying condition was not considered as a mitigating factor when they were sentenced, and (3) they were sentenced prior to January 1, 2015. (Former § 1170.91, subd. (b)(1).) If these criteria were met, former section 1170.91, subdivision (b)(3) gave the trial court discretion to resentence the petitioner. (Former § 1170.91, subd. (b)(3).)[5]

Here, the trial court found Dasenbrock met all the criteria of former section 1170.91, subdivision (b)(1). However, it declined to exercise its discretion to resentence Dasenbrock under former section 1170.91, subdivision (b)(3). Among other things, the court noted it had considered "the

---

[5] Dasenbrock appears to believe the trial court should have applied former section 1170.91, subdivision (a), which required courts to consider a qualifying mental health condition as a mitigating factor "when imposing a sentence." He is mistaken. His sentence had been imposed decades ago. The court correctly applied former section 1170.91, subdivision (b), which covers any current or former servicemembers "serving a sentence for a felony conviction."

number of counts [and] the subject matter of the counts." Thus, even if the court had considered the petition under former section 1170.91, subdivision (b), it still would have denied Dasenbrock's request for resentencing.

Moreover, there is no reasonable argument that the trial court erred in refusing to exercise its discretion to resentence Dasenbrock. Dasenbrock was convicted of over three dozen misdemeanors and felonies, many of which involved alarming violence. He broke into numerous homes, burglarizing them and raping female occupants that lived alone or with their children. He had 14 burglary and 12 rape convictions. He raped seven different women, and he raped one woman twice on two separate occasions.[6] Similarly, he was convicted of assaulting two other women with intent to commit rape. In many cases, Dasenbrock threatened his sexual assault victims with a knife and said he would kill them if they disobeyed his commands. Dasenbrock also committed several of the rapes and assaults while children were in the victims' homes and, in some instances, threatened to harm the children if the victims did not comply. Given the number of Dasenbrock's crimes and their vicious nature, there is no reasonable argument the court abused its discretion by refusing to resentence him.

---

[6] Dasenbrock first raped the victim in her apartment in November 1985, and then raped her again at her apartment in January 1987. During the second rape, Dasenbrock told the victim he was the same person that had raped her before. We also note that Dasenbrock was alleged to have raped an eighth woman. The prosecution initially filed charges against Dasenbrock for this alleged rape but later dropped them.

III.

REMAINING ARGUMENTS

A. *Second Equal Protection Argument*

Dasenbrock appears to argue that former section 1170.91, subdivision (b), violates equal protection. He claims this former subdivision gave the trial court *discretion* to consider a qualifying condition as a mitigating factor when evaluating petitions for resentencing. In contrast, former section 1170.91, subdivision (a), *required* the court to consider it as a mitigating factor when imposing a sentence. Due to this purported discrepancy, Dasenbrock believes these former subdivisions unequally treated petitioners who were having their sentences imposed and those who were serving sentences and applying for resentencing.

Dasenbrock's argument is based on a misreading of these former subdivisions. He is correct that former section 1170.91, subdivision (a), required the trial court to consider a qualifying mental health condition as a *mitigating factor*. But he misreads former subdivision 1170.91, subdivision (b)(3). It did not give courts discretion to consider whether a qualifying condition was a mitigating factor. Rather, if a qualifying condition had not been considered as a mitigating factor when the petitioner's sentence was imposed, this subdivision gave the court discretion to *reduce their sentence*. (Former § 1170.91, subd. (b)(3).)

Simply put, subdivisions (a) and (b) of former section 1170.91 applied in different scenarios. Former subdivision (a) required trial courts to consider a qualifying condition as a mitigating factor when imposing a sentence. This simply ensured the qualifying condition was considered when the convicted felon's sentence was imposed, but nothing in the statute required the court to impose a lesser sentence. (See former § 1170.91, subd.

13

(a).) Thus, a court could determine the qualifying condition had no impact on the sentence because it was outweighed by other factors.

In contrast, former section 1170.91, subdivision (b) allowed trial courts to reduce a sentence if a qualifying condition was not considered during the petitioner's initial sentencing. Former subdivision (b) did not require the court to apply the qualifying condition as a mitigating factor, presumably, because the defendant had already been sentenced. Thus, the mitigating and aggravating factors had already been weighed. Rather, it asked the court to determine whether the qualifying condition warranted a reduction in sentence if it had not been previously considered as a mitigating factor.

We are not persuaded that former section 1170.91, subdivisions (a) and (b) offered unequal treatment. Both allowed the trial court to reduce the sentences of current or former servicemembers suffering from certain mental health conditions as a result of their service. The main distinction between the two subdivisions was the timing for when this consideration was made. Former subdivision (a) applied when a sentence was imposed. Former subdivision (b) applied to persons already serving sentences whose qualifying conditions were not considered when they were sentenced. In short, these subdivisions ensured that current and former servicemembers with qualifying conditions were given reduced sentences when warranted. As such, we perceive no unequal treatment. And even if there were unequal treatment between the two alleged groups, there is a rational basis for it due to the different scenarios in which these former subdivisions were applied.

## B. Review of Sentence

Finally, Dasenbrock asserts the trial court "should have checked [his] current sentence to ensure that any changes in the laws for the past 37

14

years that could affect [his] sentence would be applied." However, "[u]nder the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) While a court may resentence a defendant when allowed by statute (*People v. Amaya* (2015) 239 Cal.App.4th 379, 384), the court declined to resentence Dasenbrock under section 1170.91. Dasenbrock did not assert any other grounds for resentencing in the lower court. Nor has he cited any other exception to the general rule depriving courts of resentencing power once a sentence has commenced. Thus, we must conclude the court lacked jurisdiction to resentence Dasenbrock. (*Karaman*, at p. 344.) And, more fundamentally, we are not aware of any authority that required the court to review his sentence sua sponte to determine whether it had been affected by any statutory changes over the last few decades.

IV.

INDEPENDENT REVIEW

In addition to considering Dasenbrock's arguments, we conducted an independent review of the record. This review uncovered no other arguable issues.

15

## DISPOSITION

The trial court's order is affirmed.


                                    MOORE, J.

WE CONCUR:


O'LEARY, P. J.


GOODING, J.