Filed 4/30/26  P. v. Rencher CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B344779 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA012143) |
| v. | |
| LAMONTE ERIC RENCHER, | |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Los Angeles County, Scott T. Millington, Judge.  Reversed.

Morad Fakhimi, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Seth P. McCutcheon and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

We decide this appeal by memorandum opinion. (See Cal. Stds. Jud. Admin., § 8.1.)

Lamonte Rencher appeals from an amended judgment entered following a Penal Code[1] section 1172.75 resentencing hearing. He contends the trial court abused its discretion at the hearing by declining to make certain reductions to his sentence and by neglecting to provide "any substantial or meaningful explanation" for its sentencing decision. We, however, conclude that Rencher's challenge fails because he was not entitled to resentencing under section 1172.75.

In 1992, a jury convicted Rencher of assault with a firearm (§ 245, subd. (a)(2)) and robbery (§ 211), among other offenses. On March 19, 1993, the trial court sentenced Rencher to 17 years 4 months in prison in connection with the 1992 offenses. As reflected in an October 31, 1996 amended abstract of judgment, Rencher's sentence later was reduced to 14 years 4 months in prison. Both the original and amended sentences included a one-year prior prison term enhancement under section 667.5, former subdivision (b). In light of custody credits, as reflected on the face of the October 31, 1996 abstract of judgment, Rencher completed service of his prison term for the 1992 offenses no later than 2006.

Rencher, however, committed several new offenses while in custody. And he remained incarcerated serving terms on one or more of those offenses through at least December 1, 2025 (the date Rencher filed his opening brief in this appeal). (See *People v. Langston* (2004) 33 Cal.4th 1237, 1242 ["new crimes committed while in prison are treated as separate offenses and begin a new aggregate term"].) The Attorney General asserts, and Rencher does

---

[1] Subsequent statutory references are to the Penal Code.

not dispute, that the sentences for the offenses Rencher committed while incarcerated did not include any section 667.5, former subdivision (b) enhancements.[2]

In 2021, the Legislature enacted section 1172.75, which invalidated certain prior prison term enhancements—including the enhancement imposed in connection with Rencher's 1992 offenses.  (See § 1172.75, subd. (b).)  In addition, section 1172.75 established a procedure for identifying and resentencing individuals whose sentences include a qualifying enhancement.  First, the Department of Corrections and Rehabilitation (CDCR) "shall identify those persons in [its] custody currently serving a term for a judgment that includes an [invalid section 667.5, former subdivision (b)] enhancement . . . and shall provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement."  (§ 1172.75, subd. (b).)  Second, upon receiving the information from the CDCR, "the court shall review the judgment and verify that the current judgment includes [an invalid section 667.5, former subdivision (b)] enhancement. . . . If the court determines that the current judgment includes [such] an enhancement . . . , the court shall recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).)

In October 2023, Rencher filed a petition asserting that the CDCR had identified him as a person potentially eligible

---

[2] Our appellate record does not include the abstracts of judgment or any other materials memorializing Rencher's sentences on the new offenses.  And Rencher did not file a reply brief on appeal.

for section 1172.75 relief.[3]  In the petition, he requested that the trial court strike the invalidated prior prison term enhancement from the 14 year 4 month sentence imposed in connection with his 1992 offenses and conduct a full resentencing under section 1172.75.  In March 2025, the court held the requested resentencing hearing and struck the prior prison term enhancement.  The court, however, declined to make any other changes to Rencher's sentence.  It memorialized Rencher's new sentence in a March 19, 2025 amended abstract of judgment.

Rencher now asks us to reverse, arguing the court abused its discretion at the resentencing hearing.  But he does not dispute that he was no longer serving a term on any judgment that included an invalid enhancement when the CDCR identified him as potentially eligible for resentencing or when the court conducted the resentencing hearing.  Rather, he was serving one or more terms for in-custody offenses that did not include an invalid section 667.5, former subdivision (b) enhancement.  Rencher thus was not entitled to any section 1172.75 resentencing hearing, and his claim that the court abused its discretion at the hearing therefore fails.  (See *People v. Washington* (2026) 117 Cal.App.5th 1057, 1065 ["[s]ubdivision (b) of section 1172.75 requires two things in addition to the judgment including an invalid section 667.5[, former subdivision] (b) enhancement:  (1) that the defendant be in custody' and (2) *be 'currently serving a term' on the judgment containing the invalid enhancement*" (italics added)]; *id.* at p. 1066 ["[w]here a defendant remains in prison, 'the current judgment' is

[3] Although our appellate record does not contain any communication from the CDCR, the Attorney General does not dispute Rencher's representation on this point.  We therefore accept the representation for purposes of argument.

4

the operative judgment pursuant to which they are incarcerated"]; *People v. Escobedo* (2023) 95 Cal.App.5th 440, 447 ["[t]he People correctly argued that [the] appellants were not eligible for relief under section 1172.75 because they were not currently serving the sentences imposed for the prior prison term enhancements. The sentences for these enhancements had been completed. When appellants filed their petitions, they were serving separate sentences imposed for felonies committed while they were in prison for the 2015 and 2016 convictions"].)

Accordingly, we reverse the March 19, 2025 judgment entered following the section 1172.75 resentencing. (See *People v. Amaya* (2015) 239 Cal.App.4th 379, 386–387 [the trial court's "resentencing was void on the face of the record" because the court "granted relief that [it] had no power to grant"]; *Young v. Tri-City Healthcare Dist.* (2012) 210 Cal.App.4th 35, 53 [" ' "[w]hen, as here, there is an appeal from a void judgment, the reviewing court's jurisdiction is limited to reversing the trial court's void acts" ' "].)

## DISPOSITION

The March 19, 2025 amended judgment is reversed.  The October 31, 1996 judgment is reinstated.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:



WEINGART, J.



M. KIM, J.